F. Jay Rahimi (SBN: 305286)
jay@jrahimilaw.com
**THE LAW OFFICES OF F. JAY RAHIMI**
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367
Office Number: (818) 835-4005
Facsimile: (866) 543-4345

Sara F. Khosroabadi, Esq. (SBN: 299642)
sara@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number: (619) 233-7770
Office Fax Number: (619) 297-1022

Attorneys for Warwick L. Rose

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Warwick L. Rose,<br><br>               Plaintiff,<br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>               Defendant. | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Warwick L. Rose, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Portfolio Recovery Associates, LLC, ("PRA"), with regard to attempts by PRA to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

///

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by PRA took place in California.

7. Any violations by PRA were knowing, willful, and intentional, and PRA did not maintain procedures reasonably adapted to avoid any such specific violation.

8. All violations alleged are material violations that would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

9. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

### JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of PRA's' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

12. Because PRA does business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 because all violations by PRA that give rise to this action occurred in Ventura County, California.

14. At all times relevant, PRA conducted business within the State of California.

/ / /

/ / /

/ / /

## PARTIES

15. Plaintiff is a natural person who resides in the City of Bell Canyon, Ventura County, State of California.

16. PRA is located in the City of Norfolk, in the State of Virginia.

17. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

18. PRA is a debt collector who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

20. PRA, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a Debt Collector as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

22. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

23. Sometime before July 23, 2010, Plaintiff opened a consumer credit card account with CitiBank.

24. Sometime thereafter, Plaintiff is alleged to have incurred certain financial obligations with that Citibank credit card.

25. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

26. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

27. Sometime thereafter, but before July 23, 2010, the Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

28. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

29. On or about July 23, 2010, the the alleged debt was assigned, placed, or otherwise transferred, to PRA for collection.

30. Thereafter, PRA telephoned Plaintiff several times and attempted to collect the alleged debt.

31. Each of these telephone calls was a "communication" as defined by 15 U.S.C. §1692a(2) because they all conveyed information to Plaintiff regarding a debt.

32. Even though Plaintiff always explained to PRA that he could not pay the alleged debt, PRA continued to contact Plaintiff by telephone numerous times between July 23, 2010, and March 08, 2017.

33. On or about January 12, 2017 PRA telephoned Plaintiff, and at that time Plaintiff explained that these incessant calls were very inconvenient for him, and that consequently PRA was to stop telephoning him, pursuant to 15 U.S.C. § 1692c(a)(1) and Cal. Civ. Code § 1788.17.

///

34. Subsequently, PRA continued to telephone Plaintiff, always attempting to collect the alleged debt, and always disregarding Plaintiff's previous instructions to stop telephoning him as the calls were inconvenient, in violation of 15 U.S.C. § 1692c(a)(1) and Cal. Civ. Code § 1788.17.

35. This pattern of harassment and disregard for the FDCPA and California's Rosenthal Act continued repeatedly through January 18, 2017.

36. Subsequently, on January 19, 2017, PRA telephoned Plaintiff in violation of 15 U.S.C. § 1692c(a)(1) and Cal. Civ. Code § 1788.17.

37. During this January 19, 2017, telephone call, Plaintiff spoke with Marshall Rivera.

38. Marshall Rivera is one of PRA's managers.

39. During this call, Plaintiff told Marshall Rivera that PRA must stop calling plaintiff and contact Plaintiff's legal representative.

40. Plaintiff then gave Marshall Rivera the contact information for Plaintiff's attorney, F. Jay Rahimi, (hereinafter, "Attorney Rahimi").

41. During this same call, Plaintiff also gave PRA Attorney Rahimi's telephone number.

42. This telephone number that Plaintiff gave to PRA is also listed on the California Bar website as Attorney Rahimi's primary telephone number.

43. This information on the California Bar website, including Attorney Rahimi's telephone number and address, is easily accessible by the public.

44. Thereafter, PRA continued to call Plaintiff again, for example, twice on January 23, 2017, and twice on January 25, 2017, always attempting to collect the alleged debt, and always in violation of the FDCPA and California's Rosenthal Act.

45. On February 16, 2017, Attorney Rahimi telephoned PRA and told PRA that he represented Plaintiff with regard to this alleged debt.

///

46. During this February 16, 2017 telephone call, PRA also told Attorney Rahimi that PRA did have a number "on file" that Plaintiff instructed PRA to contact.

47. During this same telephone call Attorney Rahimi told PRA that the number that PRA had was already on file.

48. Subsequently, once again, on February 22, 2017, PRA *again* directly telephoned Plaintiff in an attempt to collect the alleged debt.

49. Without the prior consent of the consumer given directly to the PRA or the express permission of a court of competent jurisdiction, PRA communicated with the consumer in connection with the collection of a debt when PRA knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address. Consequently, PRA violated 15 U.S.C. § 1692c(a)(2).

50. Because this violated 5 U.S.C. § 1692c(a)(2), PRA also violated Cal. Civ. Code § 1788.17 as it incorporates 5 U.S.C. § 1692c(a)(2).

51. Subsequently, on February 23, 2017, Attorney Rahimi sent PRA a letter, via FAX, dated February 23, 2017.

52. In this February 23, 2017 letter Attorney Rahimi stated once again that Attorney Rahimi represented Plaintiff with regard to the alleged debt and that PRA was to cease all collection attempts and limit all communications regarding these alleged debts to Attorney Rahimi (the "February 23 Letter").

53. Later that day, on February 23, 2017, Attorney Rahimi went so far as to telephone PRA to ensure that PRA received the February 23 Letter.

54. During this February 23, 2017, Attorney Rahimi spoke with one of PRA's employees or agents by the name of "Rochelle."

55. During this February 23, 2017 telephone call, Attorney Rahimi again told PRA that he was Plaintiff's legal representative and that PRA was to stop contacting Plaintiff directly.

///

56. PRA's employee/agent responded by telling Attorney Rahimi that the calls would not stop until PRA received a cease and desist letter despite having been told by Attorney Rahimi several times that he represents Plaintiff and that PRA must stop contacting him.

57. Subsequently, on March 8, 2017, PRA directly telephoned Plaintiff yet again and attempted to collect the alleged debt.

58. Without the prior consent of the consumer given directly to the PRA or the express permission of a court of competent jurisdiction, PRA communicated with the consumer in connection with the collection of a debt when PRA knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address. Consequently, PRA violated 15 U.S.C. § 1692c(a)(2).

59. Because this violated 5 U.S.C. § 1692c(a)(2), PRA's also violated Cal. Civ. Code § 1788.17 as it incorporates 5 U.S.C. § 1692c(a)(2).

60. By taking the actions that PRA's took, PRA's caused Plaintiff to incur actual damages in the form of emotional and mental anguish.

## CAUSES OF ACTION
## COUNT I
## FAIR DEBT COLLECTION DEFENDANTCTICES ACT (FDCPA)
## 15 U.S.C. §§ 1692 ET SEQ.

61. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

62. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

63. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant, jointly and severally.

## COUNT II
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
## CAL. CIV. CODE §§ 1788-1788.32

64. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

65. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

66. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every Defendant, jointly and severally.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against PRA, and Plaintiff be awarded damages from PRA, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

- • An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

### TRIAL BY JURY

67. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

THE LAW OFFICES OF F. JAY RAHIMI

Date: March 10, 2017                    By: s/ F. Jay Rahimi
                                              F. Jay Rahimi
                                              Attorneys for Plaintiff